DENNIS M. GRADY, Bar No. 118461
ALAN K. HAHN, Bar No. 176963
GRADY AND ASSOCIATES
3517 Camino Del Rio South, Suite 400
San Diego, California 92108
Telephone: (619) 528-2530
Facsimile: (619) 528-1580

Attorneys for Plaintiff, ROBERT RAYFORD

FILED
08 FEB 29 PM 3:37
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYFORD, | Case No. '08 CV 0387 BEN LSP |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) BREACH OF CONTRACT;** **(2) DISCRIMINATION AND HARASSMENT BASED ON DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101-12213;** **(3) DISCRIMINATION AND HARASSMENT BASED ON RACE, COLOR, NATIONAL ORIGIN AND/OR ANCESTRY IN VIOLATION OF 42 U.S.C. §2000e ET SEQ.;** **(4) DISCRIMINATION AND HARASSMENT BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §621-634;** **(5) VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601 ET SEQ.; AND** **(6) RETALIATION;** |
| EDISON INTERNATIONAL, a corporation, and SOUTHERN CALIFORNIA EDISON COMPANY, a corporation. | |
| Defendants. | **JURY TRIAL DEMANDED** |

PLAINTIFF ROBERT RAYFORD complains and alleges as follows:

///

///

**JURISDICTION**

1. This court has jurisdiction under 28 U.S.C. §1331, for claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.; the Americans with Disabilites Act, 42 U.S.C. §12101-12213; 29 U.S.C. §621-634; the Age Discrimination in Employment Act, 29 U.S.C. §2601 et seq., and the Family Medical Leave Act, 29 U.S.C. §2601 et seq.

2. The court also has supplemental jurisdiction over the California state law contract claim under 28 U.S.C. §1367.

**VENUE**

3. Venue is proper in the Southern District of California under 42 U.S.C. §2000e-5(f) and as the judicial district in which the unlawful employment practices or at least some of them occurred and in which relevant employment records, or at least some of them, are maintained and administered.

**PARTIES**

4. PLAINTIFF ROBERT RAYFORD ("RAYFORD" or "PLAINTIFF") is, and at all relevant times was, a resident of the State of California, County of San Diego.

5. PLAINTIFF is informed and believes and thereby alleges that DEFENDANTS SOUTHERN CALIFORNIA EDISON COMPANY and EDISON INTERNATIONAL are, and at all relevant times were, corporations organized and existing under and by virtue of the laws of a state unknown, doing business in the State of California, County of San Diego.

6. PLAINTIFF is informed and believes, and thereby alleges, that each of the DEFENDANTS herein (hereinafter

collectively "DEFENDANTS") was at all relevant times the agent, employee or representative of the remaining DEFENDANTS and was acting at least in part within the scope of such relationship.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. PLAINTIFF is a 51 year old, African-American male.

8. PLAINTIFF first began working at the San Onofre Nuclear Generation Station ("SONGS"), located in San Diego County, over seventeen years ago, as a Security Officer. During PLAINTIFF's years of employment, PLAINTIFF was promoted to Senior Rover, and was responsible for patrolling the highways and byways immediately next to SONGS. From a security task force numbering over 450 employees, PLAINTIFF was in the top tenth of SONGS employees in terms of seniority.

9. In or about November 2006, PLAINTIFF suffered a work-related injury. Subsequently, PLAINTIFF required medical leave to treat his medical condition from on or about February 7, 2007 until on or about March 9, 2007. It was known throughout the SONGS facility that PLAINTIFF suffered a hernia and was therefore incapacitated on that account. Upon PLAINTIFF's return to work, PLAINTIFF was repeatedly teased about his medical condition, since it was viewed as a weakness within the SONGS enforcement community.

10. For two years prior to PLAINTIFF's termination, whenever PLAINTIFF entered his shift's briefing session, PLAINTIFF was greeted by his fellow peers, who are mostly former law enforcement and career military, with a "Fuck it!" and a middle finger salute. This salutation is widely regarded as a sign of solidarity, joviality, and a display of lack of fear. PLAINTIFF,

in turn, responded in like manner, to the entire group.

11. On or about April 6, 2007, PLAINTIFF was confronted by Defendants' employee Leyva ("Leyva") (first name unknown), immediately following the shift briefing session. Leyva, a Hispanic man, alleged that he had received complaints regarding PLAINTIFF's salutation. PLAINTIFF correctly pointed out that Leyva was not his supervisor and needed to address these issues with PLAINTIFF's supervisor SOS Diaz. Leyva, who was fully armed, began to point his finger at PLAINTIFF while raising his voice in an aggressive manner. PLAINTIFF noted Leyva's armed status, and decided to deflate the confrontation by backing away. Leyva snapped his fingers and pointed to the floor in front of PLAINTIFF and demanded that PLAINTIFF stand before him. PLAINTIFF complained to Leyva that, "You are not my slave master and I am not your slave."

12. Due to this incident, PLAINTIFF was subjected to a drug-screening test, which resulted in a negative reading, and later, PLAINTIFF was placed on unpaid administrative leave.

13. On or about April 11, 2007, PLAINTIFF met with Paul Diaz to discuss the incident. Diaz merely addressed the perceived lack of respect which Leyva allegedly received, but failed to address the racial animosity and lack of civility with which PLAINTIFF was treated. Diaz told PLAINTIFF to refrain from using the typical greeting, yet did not order PLAINTIFF's colleagues to stop from saluting him in this typical manner.

14. On or about April 30, 2007, PLAINTIFF returned to work at the SONGS facility. As PLAINTIFF entered the briefing session, PLAINTIFF's colleagues greeted him with their typical sign of

solidarity and respect. In a brief moment of joviality, PLAINTIFF instinctively, quickly returned the salute. Immediately after, PLAINTIFF notified the entire group that they were no longer able to salute him, or each other, in such a manner.

15. Immediately following this incident, PLAINTIFF was placed on suspension, allegedly on account of disrespecting Lyeva's statements to refrain from saluting PLAINTIFF's fellow peers.

16. On or about May 7, 2007, PLAINTIFF met with Paul Diaz, SOS Ruben Diaz and Shift Commander Andy Picard and was terminated.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

17. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

18. PLAINTIFF worked for Defendants for approximately seventeen years.

19. During the entire course of PLAINTIFF'S employment with Defendants, there existed an express and/or implied in fact employment contract between PLAINTIFF and Defendants which included, but was not limited to, the following terms and conditions:

a. PLAINTIFF would be able to continue his employment with Defendants indefinitely so long as PLAINTIFF carried out his duties in a proper and competent manner;

b. PLAINTIFF would not be disciplined, discharged or demoted for other than good, just and sufficient cause with notice

thereof;

      c.   Defendants would allow PLAINTIFF a fair and ample opportunity to defend himself and improve himself should he be considered for discipline, discharge or demotion;

      d.   Defendants would not discriminate against or harass PLAINTIFF based on his age or race, color, national origin, and/or ancestry.

20. This total employment contract was evidenced by various written documents, oral representations to PLAINTIFF by Defendants' agents and employees, and the parties' entire course of conduct including the following:

      a.   There was an established policy with Defendants known to PLAINTIFF and relied upon by PLAINTIFF, that an employee such as PLAINTIFF, who had performed services as a good and faithful employee, would have a secure position and tenure with Defendants; that an employee such as PLAINTIFF would be permitted to continue in his position unless demoted or discharged for good, just and sufficient cause; that an employee's performance and past employment history would be considered in any disciplinary or other termination decision; that an employee such as PLAINTIFF would not be disciplined, including terminated, without good, just and sufficient cause, and would be given a fair and just opportunity to respond to allegations made against him and improve any alleged deficiencies in performance.

      b.   During his employment, PLAINTIFF was repeatedly told by his superiors, orally and in writing, that PLAINTIFF was doing a satisfactory job, and he received satisfactory performance reviews, commendations, raises and promotions, and other favorable

actions. As a result of the above representations, PLAINTIFF came reasonably to expect and to rely on the promise of job security. Such statements and acts by Defendants communicated to PLAINTIFF the idea that PLAINTIFF had performed satisfactorily and that his job was secure. PLAINTIFF, in good faith, relied upon the representations and assurances and believed them to be true.

21. PLAINTIFF'S reliance on and belief in and acceptance in good faith, of all of the assurances, promises and representations as listed in the preceding paragraphs above and elsewhere, led PLAINTIFF to reasonably believe that his employment was secure and that thereby there existed a contract of continuous employment in his current position with Defendant. As independent consideration for this contract of continuing employment, and as evidence of PLAINTIFF'S reliance thereon, in addition to performing his regular duties as an employee of Defendant, PLAINTIFF refrained from seeking any other employment.

22. PLAINTIFF'S very lengthy period of service also led him to believe reasonably that PLAINTIFF could only be terminated for good, just and sufficient cause.

23. PLAINTIFF undertook and continued employment and duly performed all the conditions of the contract to be performed by him. PLAINTIFF has at all times been ready, willing and able to perform and has offered to perform all the conditions of this contract to be performed by him.

24. Despite the representations made to PLAINTIFF and the reliance PLAINTIFF placed on them, Defendants, and each of them, failed to carry out their responsibilities under the terms of the employment contract in the following ways:

        a. By terminating PLAINTIFF without regard to or in compliance with the requirements of the aforesaid agreement and without good, just and sufficient cause; and

b. By unlawfully discriminating against PLAINTIFF.

25. As a proximate result of Defendants' breach of contract against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits, all to his damage in an amount according to proof.

**SECOND CAUSE OF ACTION**

**(Discrimination and Harassment Based on Disability in Violation of the Americans with Disabilities Act, 42 U.S.C. §12101-12213)**

26. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

27. PLAINTIFF is, and at all times material hereto has been, an employee covered the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101-12213, prohibiting discrimination in employment on the basis of disability.

28. DEFENDANTS are, and at all times material hereto have been, employers within the meaning of the ADA, and, as such, barred from discrimination and harassment in employment on the basis of disabilities as set forth in the ADA.

29. PLAINTIFF has medical conditions which are disabilities within the meaning of the ADA. Furthermore, DEFENDANTS have at all times relevant hereto regarded PLAINTIFF as having disabilities within the meaning of the ADA, he has a record of having such disabilities within the meaning of the ADA and/or he

has a condition which could lead to a disability within the meaning of the ADA.

30. DEFENDANTS have discriminated against and harassed PLAINTIFF because of his disabilities in violation of the ADA by engaging in a course of conduct which included but is not limited to the conduct set forth above.

31. PLAINTIFF filed timely charges of disability discrimination and harassment with the U.S. Equal Employment Opportunity Commission("EEOC"). The EEOC has issued right-to-sue letters to him on these charges, permitting PLAINTIFF to bring this action. Therefore, PLAINTIFF has exhausted all of his administrative remedies.

32. As a proximate result of DEFENDANTS' discrimination and harassment against PLAINTIFF, PLAINTIFF has suffered and continues suffered losses in earnings, bonuses, deferred compensation and other employment benefits, and suffered, and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

33. DEFENDANTS committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. PLAINTIFF is thus entitled to recover punitive damages from all DEFENDANTS in an amount according to proof.

34. As a result of DEFENDANTS' discrimination as alleged herein, PLAINTIFF is entitled to his attorneys' fees and costs of suit as provided by law.

///

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**(Discrimination and Harassment Based on Race, Color, National Origin, and/or Ancestry in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.)**

35. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

36. PLAINTIFF was at all times material hereto an employee covered by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") prohibiting discrimination and harassment in employment on the basis of race, color, national origin and/or ancestry.

37. DEFENDANTS are, and at all times material hereto have been, employers or persons within the meaning of Title VII and, as such, barred from discrimination and harassment in employment and/or employment decisions on the basis of race, color, national origin and/or ancestry as set forth in Title VII.

38. DEFENDANTS discriminated against and harassed PLAINTIFF on the basis of his race, color, national origin and/or ancestry in violation of Title VII by engaging in a continuing course of conduct which included, but is not limited to, at least some of the acts set forth above.

39. PLAINTIFF filed timely charges of race, color, national origin and/or ancestry discrimination and harassment with the EEOC. The EEOC has issued right-to-sue letters to him on these

charges, permitting PLAINTIFF to bring this action. Therefore, PLAINTIFF has exhausted all of his administrative issues.

40. As a proximate result of DEFENDANTS' discrimination and harassment against PLAINTIFF, PLAINTIFF suffered losses in earnings, bonuses, deferred compensation and other employment benefits, and suffered, and continues to suffer, embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

41. DEFENDANTS committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. PLAINTIFF is thus entitled to recover punitive damages from all DEFENDANTS in an amount according to proof.

42. As a result of DEFENDANTS' harassment and discriminatory acts as alleged herein, PLAINTIFF is entitled to his attorneys' fees and costs of suit as provided by law.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**(Discrimination and Harassment Based on Age in Violation of the Age Discrimination in Employment Act 29 U.S.C. §621-634;)**

43. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

44. PLAINTIFF is, and at all relevant time herein was, over forty years of age and thus an employee covered by the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621-634, prohibiting discrimination and harassment in employment on the

basis of age.

45. DEFENDANTS are, and at all times material hereto were, employers or persons within the meaning of the ADEA and, as such, barred from discriminating and harassing in employment decisions on the basis of age as set forth in the ADEA.

46. DEFENDANTS have discriminated against and harassed PLAINTIFF based upon his age in violation of the ADEA by engaging in a course of conduct which has included, but is not limited to, the actions alleged above.

47. PLAINTIFF filed timely charges of age discrimination and harassment with the EEOC. The EEOC has issued right-to-sue letters to him on these charges, permitting PLAINTIFF to bring this action. Therefore, PLAINTIFF has exhausted all of his administrative remedies.

48. As a proximate result of DEFENDANTS' discrimination against and harassment of PLAINTIFF, PLAINTIFF has suffered substantial losses in earnings, bonuses, deferred compensation, retirement benefits, and other employment benefits and has suffered embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

49. PLAINTIFF is entitled to recover liquidated damages from all DEFENDANTS in an amount according to proof, to the extent permitted by law.

50. As a result of DEFENDANTS' harassment and discriminatory acts as alleged herein, PLAINTIFF is entitled to his attorneys' fees and costs of suit as provided by law.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**

**(Violation of the Family Medical Leave Act,29 U.S.C. §2601 et seq.)**

51. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

52. PLAINTIFF was at all times material hereto an employee covered by the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA") requiring employers to grant leave time to employees for the reason of the employee's or the employee's family members' serious health condition and not to retaliate against employees for using such leave.

53. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS are, and at all times material hereto have been, employers within the meaning of the FMLA. Under the FMLA, it is and was unlawful for DEFENDANTS to adversely treat PLAINTIFF for requesting and taking medical leave for his serious health condition, discriminate against him for such leave, or retaliate against him for such leave or interfere with his right to such leave.

54. DEFENDANTS violated the FMLA by adversely treating PLAINTIFF, because he requested and used medical leave under the FMLA in the manner described above.

55. As a proximate result of DEFENDANTS' violation of PLAINTIFF's rights, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer emotional distress all to his damage in an amount according to

proof.

56. PLAINTIFF is entitled to recover liquidated damages from DEFENDANTS in an amount according to proof.

57. As a result of DEFENDANTS' violations of PLAINTIFF's rights as alleged herein, PLAINTIFF is entitled to his attorneys' fees and costs of said suit as provided by law.

**SIXTH CAUSE OF ACTION**

**(Retaliation in Violation of Title VII of the Civil Rights act of 1964, 42 U.S.C. §2000e et seq., and the Americans With Disabilities Act, 42 U.S.C. §12101-12213)**

58. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

59. PLAINTIFF is, and at all material times hereto was, an employee covered by Title VII of the Civil Rights act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), and the Americans With Disabilities Act, 42 U.S.C. §12101-12213 ("ADA"), which prohibit retaliation in employment on the basis of complaints made against unlawful treatment in violation of the Title VII and the ADA.

60. Defendants are, and at all times material hereto have been, employers or persons within the meaning of Title VII and the ADA and, as such, are barred from retaliating against employees for complaints of or raising concerns regarding discrimination and harassment of employees as set forth in Title VII and the ADA.

61. Defendants retaliated against PLAINTIFF in violation of the FEHA, by engaging in a course of conduct, including but not limited to the acts described above.

62. PLAINTIFF timely filed charges of retaliation with the EEOC. The EEOC has issued right-to-sue letters to him on these

charges, permitting PLAINTIFF to bring this action. Therefore, PLAINTIFF has exhausted all of his administrative remedies.

63. As a proximate result of Defendants' violation of PLAINTIFF's rights, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, benefits, and other employment benefits and has suffered and continues to suffer emotional distress all to his damage in an amount according to proof.

64. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. PLAINTIFF is thus entitled to recover punitive damages from all Defendants in an amount according to proof.

65. As a result of Defendants' violation of PLAINTIFF's rights as alleged herein, PLAINTIFF is entitled to his attorneys' fees and costs of said suit as provided by law.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**PRAYER**

WHEREFORE, PLAINTIFF requests relief as follows:

1. For damages according to proof including loss of earnings, deferred compensation and other employment benefits;

2. For compensatory damages for losses resulting from humiliation, mental anguish, harm to reputation and emotional distress according to proof;

3. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

    4. For reinstatement of PLAINTIFF to the position from which he was wrongfully terminated or a comparable position in DEFENDANTS' organization and all benefits attended thereto that would have been afforded PLAINTIFF but for said discrimination;

5. That DEFENDANTS, their agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

6. For punitive and/or liquidated damages according to proof as allowed by law;

7. For costs of suit including plaintiff's attorneys fees;

8. For such other and further relief as the Court may deem proper.

GRADY AND ASSOCIATES

DATED: February 22, 2008

By: [signature]
DENNIS M. GRADY, Esq.
Attorney for Plaintiff
ROBERT RAYFORD
E-mail: gradyfedonly@msn.com

**REQUEST FOR JURY TRIAL**

PLAINTIFF hereby requests a jury trial.

DATED: February 22, 2008

By: [signature]
Dennis M. Grady, Esq.
Attorney for PLAINTIFF,
ROBERT RAYFORD
E-mail: gradyfedonly@msn.com

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148245 - BH**

**February 29, 2008**
**15:35:58**

**Civ Fil Non-Pris**
USAO #.: 08CV0387 CIVIL FILING
Judge..: ROGER T BENITEZ
Amount.: $350.00 CK
Check#.: BC# 3270

**Total-> $350.00**

FROM: RAYFORD V. EDISON INT'L CORP
CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Robert Rayford

**DEFENDANTS**
Edison International, a corporation, and Southern California Edison Company, a corporation

FILED
08 FEB 29 PM 3:36
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
GRADY & ASSOCIATES 3517 Camino Del Rio S. Suite 400
San Diego, CA 925108
(619) 528-2530

Attorneys (If Known)
'08 CV 0387 BEN LSP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. §2000 et seq.; 42 U.S.C. §12101 et seq.; and other federal statutes

Brief description of cause:
Employment discrimination

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE Feb 22, 2008 SIGNATURE OF ATTORNEY OF RECORD Dennis M. Grady

**FOR OFFICE USE ONLY**

RECEIPT # 148245 AMOUNT $350 — 2/29/08 BH APPLYING IFP JUDGE MAG. JUDGE

CR