1  JOHN F. GUEST, State Bar No. 123573
   WILLIAM DAVIS HARN, State Bar No. 165020
2  2244 Walnut Grove Avenue, Suite 360D
   Rosemead, CA 91770
3  Telephone: (626) 302-3234
   Fax:        (626) 302-1910
4  Attorneys for Defendants
   EDISON INTERNATIONAL and
5  SOUTHERN CALIFORNIA EDISON COMPANY

6

7

8              *UNITED STATES DISTRICT COURT*

9            *SOUTHERN DISTRICT OF CALIFORNIA*

10

11  **ROBERT RAYFORD,**              ) **CASE NO. 08CV0387BEN LSP**
                                     )
12            **Plaintiff,**         ) **ANSWER TO COMPLAINT BY**
                                     ) **DEFENDANT EDISON**
13        **v.**                     ) **INTERNATIONAL**
                                     )
14  **EDISON INTERNATIONAL, a**      )
    **corporation; and SOUTHERN**   )
15  **CALIFORNIA EDISON COMPANY, a** )
    **corporation,**                )
16                                   )
             **Defendants.**         )
17                                   )

18       Defendant Edison International ("Defendant" and/or "EIX"), for itself and no other

19  party, hereby answers the Complaint of Plaintiff Robert Rayford as follows:

20

21                            **JURISDICTION**

22       1.   Defendant EIX admits the allegations in paragraph 1. That jurisdiction is proper.

23       2.   Defendant EIX admits the jurisdiction is proper over Plaintiff's state law contract

24  claim under 28 USC § 1367.

25                               **VENUE**

26       3.   Defendant EIX admits that venue is proper in the Southern District of California.

27

28

#1487888

**ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL**

**PARTIES**

4.    On the basis of information and belief Defendant EIX is without sufficient information to admit or deny the allegations in paragraph 4 with respect to Plaintiff's residency but does not dispute said allegations, however, Defendant EIX admits that Plaintiff was employed at all relevant times by Southern California Edison Company, and not Defendant EIX, in the County of San Diego at the San Onofre Nuclear Generation station.

5.    The Defendant EIX admits that it and Southern California Edison Company are corporations organized under the laws of the State of California but denies that Defendant EIX is 'doing business' in the County of San Diego. Defendant EIX admits that Southern California Edison is doing business in the County of San Diego.

6.    Defendant EIX denies the allegations of paragraph 6 and states that Defendant Southern California Edison Company is wholly subsidiary of Defendant Edison International, however, neither entity are agents of the other nor acting within the scope within any such purported relationship with respect to Plaintiff's employment by or with Southern California Edison Company. Defendant Edison International has never employed Plaintiff.

7.    Based on information and belief, Defendant EIX admits the allegations in paragraph 7 of the Complaint.

8.    Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis otherwise denies each and every allegation contained therein at this time.

9.    Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis otherwise denies each and every allegation contained therein at this time.

10.    Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is without sufficient knowledge or information at this time to form a belief as to the truth of the

ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL

1    remaining allegations contained in said paragraph and on that basis otherwise denies each and

2    every allegation contained therein at this time.

3       11. Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is

4    without sufficient knowledge or information at this time to form a belief as to the truth of the

5    remaining allegations contained in said paragraph and on that basis otherwise denies each and

6    every allegation contained therein at this time.

7       12. Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is

8    without sufficient knowledge or information at this time to form a belief as to the truth of the

9    remaining allegations contained in said paragraph and on that basis otherwise denies each and

10    every allegation contained therein at this time.

11       13. Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is

12    without sufficient knowledge or information at this time to form a belief as to the truth of the

13    remaining allegations contained in said paragraph and on that basis otherwise denies each and

14    every allegation contained therein at this time.

15       14. Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is

16    without sufficient knowledge or information at this time to form a belief as to the truth of the

17    remaining allegations contained in said paragraph and on that basis otherwise denies each and

18    every allegation contained therein at this time.

19       15. Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is

20    without sufficient knowledge or information at this time to form a belief as to the truth of the

21    remaining allegations contained in said paragraph and on that basis otherwise denies each and

22    every allegation contained therein at this time.

23       16. Defendant EIX has never employed Plaintiff. Accordingly, Defendant EIX is

24    without sufficient knowledge or information at this time to form a belief as to the truth of the

25    remaining allegations contained in said paragraph and on that basis otherwise denies each and

26    every allegation contained therein at this time.

27       ///

28       ///

ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL

**AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF**

17.  Defendant EIX incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

18.  Defendant EIX denies each and every allegation of paragraph 18 of the Complaint.

19.  Defendant EIX denies each and every allegation of paragraph 19 of the Complaint.

20.  Defendant EIX denies each and every allegation of paragraph 20 of the Complaint.

21.  Defendant EIX denies each and every allegation of paragraph 21 of the Complaint.

22.  Defendant EIX denies each and every allegation pf paragraph 22 of the Complaint.

23.  Defendant EIX denies each and every allegation of paragraph 24 of the Complaint.

24.  Defendant EIX denies each and every allegation of paragraph 24 of the Complaint.

25.  Defendant EIX denies each and every allegation of paragraph 25 of the Complaint.

**AS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF**

26.  Defendant EIX incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

27.  Defendant EIX denies the Plaintiff was an employee of Defendant EIX but otherwise admits the remaining allegations in paragraph 27 of the Complaint.

28.  Defendant EIX admits the allegations of paragraph 28 of the Complaint.

29.  Defendant EIX denies each and every allegation of paragraph 29 of the Complaint.

30.  Defendant EIX denies each and every allegation of paragraph 30 of the Complaint.

31.  Defendant EIX admits that Plaintiff has filed an administrative charge with the U.S. Equal Opportunity Commission and has received a "right to sue" letter permitting him to bring an action but denies the remaining allegationa of paragraph 31 of the Complaint.

32.  Defendant EIX denies having discriminated against and/or harassed Plaintiff on any basis and otherwise denies each and every allegation contained in paragraph 32 of the Complaint.

33.  Defendant EIX denies each and every allegation of paragraph 33 of the Complaint.

34.  Defendant EIX denies each and every allegation in paragraph 34 of the Complaint.

ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL

## AS TO PLAINTIFF'S THIRD CLAIM FOR RELIEF

35. Defendant EIX incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

36. Defendant EIX denies that Plaintiff was an employee of EIX but otherwise admits the remaining allegations in paragraph 36 of the Complaint.

37. Defendant EIX admits the allegations in paragraph 37 of the Complaint.

38. Defendant EIX denies each and every allegation in paragraph 38 of the Complaint.

39. Defendant EIX denies each and every allegation in paragraph 39 of the Complaint.

40. Defendant EIX denies each and every allegation contained in paragraph 40 of the Complaint.

41. Defendant EIX denies each and every allegation in paragraph 41 of the Complaint.

42. Defendant EIX denies each and every allegation in paragraph 42 of the Complaint.

## AS TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF

43. Defendant EIX incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

44. Defendant EIX denies that Plaintiff was an employee of Defendant EIX, but on the basis of information and belief, Defendant EIX admits the remaining allegations in paragraph 44 of the Complaint.

45. Defendant EIX admits the allegations in paragraph 45 of the Complaint.

46. Defendant EIX denies each and every allegation in paragraph 46 of the Complaint.

47. Defendant EIX denies each and every allegation in paragraph 46 of the Complaint.

48. Defendant EIX denies each and every allegation in paragraph 46 of the Complaint.

49. Defendant EIX denies each and every allegation in paragraph 46 of the Complaint.

50. Defendant EIX denies each and every allegation in paragraph 46 of the Complaint.

///

///

///

ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL

## AS TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF

51. Defendant EIX incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

52. Defendant EIX denies that Plaintiff was an employee of Defendant EIX and is without sufficient information to admit or deny that Plaintiff was covered by the Family Medical Leave Act with respect to any leave he may have taken as an employee of Southern California Edison Company, and therefore denies the allegations in paragraph 52 of the Complaint.

53. Defendant EIX denies the allegations in paragraph 53 of the Complaint as it has less than 50 employees.

54. Defendant EIX denies each and every allegation in paragraph 54 of the Complaint.

55. Defendant EIX denies each and every allegation in paragraph 55 of the Complaint.

56. Defendant EIX denies each and every allegation in paragraph 56 of the Complaint.

57. Defendant EIX denies each and every allegation in paragraph 57 of the Complaint.

## AS TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF

58. Defendant EIX incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

59. Defendant EIX denies that Plaintiff was an employee of Defendant EIX but admits the remaining allegations in paragraph 59 of the Complaint.

60. Defendant EIX admits the allegations in paragraph 60 of the Complaint.

61. Defendant EIX denies each and every allegation in paragraph 61 of the Complaint.

62. Defendant EIX denies each and every allegation in paragraph 62 of the Complaint.

63. Defendant EIX denies each and every allegation in paragraph 63 of the Complaint.

64. Defendant EIX denies each and every allegation in paragraph 64 of the Complaint.

65. Defendant EIX denies each and every allegation in paragraph 65 of the Complaint.

///

///

///

1487888

ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL

1    As and for separate and distinct affirmative defenses Defendant EIX alleges as follows:

2

3                          **FIRST AFFIRMATIVE DEFENSE**

4        1.   Defendant EIX alleges that Plaintiff RAYFORD has failed to state facts sufficient

5    to establish one or more of the claims for relief alleged.

6

7                         **SECOND AFFIRMATIVE DEFENSE**

8        2.   Defendant EIX alleges that one or more of the purported claims for relief and/or

9    purported prayers for damages alleged in Plaintiff's COMPLAINT is barred by the exclusive

10   remedy provisions of California Labor Code § 3600 et seq.

11

12                          **THIRD AFFIRMATIVE DEFENSE**

13       3.   Defendant EIX denies taking any adverse employment action against plaintiff and

14   alleges that to the extent any purported claim for relief or prayer for damages in the COMPLAINT

15   rests on an allegation that Defendant Southern California Edison Company took any specific

16   adverse employment action (e.g. disciplinary action) with respect to Plaintiff RAYFORD,

17   Defendant EIX is not liable under any theory of *respondeat superior.*

18

19                         **FOURTH AFFIRMATIVE DEFENSE**

20       4.   Defendant EIX alleges that to the extent any purported claim for relief or prayer for

21   damages in the COMPLAINT rests on alleged conduct by EIX occurring more than 300 days

22   prior to Plaintiff's filing of any administrative charge with the U.S. Equal Employment

23   Opportunity Commission and or more than two years prior to the date PLAINTIFF filed the

24   COMPLAINT, any such claim for relief or claim for damages is barred by the applicable

25   statutes of limitation.

26       ///

27       ///

28       ///

**FIFTH AFFIRMATIVE DEFENSE**

5.   Defendant EIX alleges that persons other than Defendant EIX, or its authorized agents acting within the course and scope of either their employment and or agency, may have been negligent or at fault in connection with any act alleged in the Complaint alleged to have resulted in any alleged damage to PLAINTIFF, and by reason thereof, Plaintiff's right to recovery from Defendant EIX, if any, should be reduced by that degree to which the negligence and fault of persons and entities other than Defendant EIX contributed to any damages.

**SIXTH AFFIRMATIVE DEFENSE**

6.   Defendant EIX has taken all reasonable steps to prevent unlawful harassment, retaliation and discrimination with respect to the work environment of its own employees, and more specifically, with respect to Plaintiff RAYFORD, denies engaging in any unlawful or actionable discriminatory, retaliatory or harassing conduct, whether on the basis of Plaintiff's race, ethnicity, purported disability or record thereof, or other basis.

**SEVENTH AFFIRMATIVE DEFENSE**

7.   Defendant EIX has fully performed all obligations and/or promises, if any, required to be performed on its part except to the extent that EIX's performance of such obligations and or promises, if any, have been prevented, excused, or waived by PLAINTIFF.

**EIGHTH AFFIRMATIVE DEFENSE**

8.   Defendant EIX alleges PLAINTIFF RAYFORD failed to exhaust his available administrative remedies with respect to one or more of the purported causes of action and or allegations in the COMPLAINT as against Defendant EIX.

**NINTH AFFIRMATIVE DEFENSE**

9.   Defendant EIX alleges that PLAINTIFF RAYFORD is estopped by his own conduct from bringing one or more of the purported causes of action in the COMPLAINT.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant EIX alleges that Plaintiff RAYFORD has failed to reasonably mitigate any alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11. PLAINTIFF fails to state facts sufficient to support any award of punitive or exemplary damages against Defendant EIX.

## TWELFTH AFFIRMATIVE DEFENSE

12. An award of punitive damages would be an unconstitutional denial of answering Defendant EIX's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

Defendant further alleges that it lacks sufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses as to any purported cause of action in the COMPLAINT, including but not limited to the doctrines of unclean hands and or after acquired evidence, and therefore reserves the right to assert additional defenses in the event discovery indicates they may become appropriate.

///
///
///
///
///
///
///
///
///
///

ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL

## ANSWER TO PLAINTIFF'S PRAYER

Defendant EIX denies Plaintiff has suffered any actionable injury or damages and denies Plaintiff is entitled to any relief requested of the Court.

**WHEREFORE**, Defendant request for relief as follows:

1.  That judgment be entered on behalf of Defendant's Edison International.

2.  That Plaintiff take nothing by way of his complaint herein;

3.  That Defendant EIX be awarded reasonable costs of suit and attorney's fees, and

4.  That Defendant EIX be afforded any further relief the court deems just and proper.

DATED: April 7, 2008

JOHN F. GUEST
WILLIAM DAVIS HARN

By: _____

William Davis Harn
Attorney for Defendants
EDISON INTERNATIONAL AND
SOUTHERN CALIFORNIA EDISON
COMPANY

ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 2244 Walnut Grove Avenue, Rosemead, California 91770.

On April 9, 2008, I served the documents listed below on the parties in this action as follows:

DOCUMENT(S) SERVED:          ANSWER TO COMPLAINT

SERVED UPON:                 Alan Hahn, Esq.
                             Grady & Associates
                             3517 Camino Del Rio South, Suite 400
                             San Diego, CA 92108
                             Tel:  (619) 528-2530
                             Fax: (619) 528-1580

☑    (BY MAIL)  I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Rosemead, California, following the ordinary business practices of my place of business.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service.  Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

☐    (BY HAND DELIVERY)  I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered on the same date.

☐    (BY FEDERAL EXPRESS)  I am readily familiar with the practice of Southern California Edison Company for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐    (BY FACSIMILE)  I caused to be transmitted the document(s) described herein via the FAX number(s) listed on the attached service list.

☑    (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on April 9, 2008, at Rosemead, California.

_____
Cheryl Roth

#1487888

**ANSWER TO COMPLAINT BY DEFENDANT EDISON INTERNATIONAL**