1  JOHN F. GUEST, State Bar No. 123573
   WILLIAM DAVIS HARN, State Bar No. 165020
2  2244 Walnut Grove Avenue, Suite 360D
   Rosemead, CA 91770
3  Telephone: (626) 302-3234
   Fax:       (626) 302-1910
4  Attorneys for Defendants
   EDISON INTERNATIONAL, and
5  SOUTHERN CALIFORNIA EDISON COMPANY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAYFORD, | CASE NO. 08CV0387BEN LSP |
| Plaintiff, | ANSWER TO COMPLAINT OF DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY |
| v. | |
| EDISON INTERNATIONAL, a corporation; and SOUTHERN CALIFORNIA EDISON COMPANY, a corporation, | |
| Defendant. | |

Defendant Southern California Edison Company ("Defendant SCE" and/or "SCE"), for itself alone and no other Defendant, hereby answers the Complaint of Robert Rayford as follows:

### JURISDICITON

1. Defendant SCE admits the allegations in paragraph 1 that jurisdiction is proper.

2. Defendant SCE admits that jurisdiction is proper over Plaintiff's state law contract claim under 28 USC § 1367.

### VENUE

3. Defendant SCE admits that venue is proper in the Southern District of California.

#1487876

DEFENDANT SCE'S ANSWER TO COMPLAINT

## PARTIES

4. Defendant SCE admits the allegations in paragraph 4 with respect to Plaintiff's residency, however, Defendant SCE admits that Plaintiff was employed at all relevant times in the County of San Diego at the San Onofre Nuclear Generation Station (SONGS) located on the Camp Pendleton Marine Corp. base, a federal enclave.

5. Defendant SCE admits that it and its parent corporation, Edison International, are corporations duly organized under the laws of the State of California but, on the basis of information and belief, denies that Defendant EIX is 'doing businesses in the County of San Diego. Defendant SCE admits that it is 'doing businesses in the County of San Diego by virtue of its part ownership and operation of the San Onfore Nuclear Generating Station.

6. Defendant SCE admits that Defendant Southern California Edison Company is wholly owned subsidiary of Defendant Edison International, however, denies that either entity is an agent of the other or was acting within the scope of any such purported relationship with respect to Plaintiff's employment. To Defendant SCE's knowledge and belief Edison International has never employed Plaintiff. Except as to the foregoing, Defendant denies any other allegation in Paragraph 6 of the Complaint.

7. Based on information and belief, Defendant SCE admits the allegations in paragraph 7 of the Complaint.

8. Defendant SCE admits that Plaintiff began employment with SCE as a security officer at its San Onofre Nuclear Generation Station located in San Diego County approximately 17 years ago. Defendant SCE is without sufficient knowledge or information at this time to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis otherwise denies the specific remaining allegations contained therein at this time.

9. Defendant SCE admits that it provided and Plaintiff took a medical leave from approximately February 7, 2007 through March 9, 2007 as a result of Plaintiff's representation as to his need for treatment of a medical condition. Defendant SCE is without sufficient

knowledge or information at this time to form a belief to admit or deny the remaining allegations of the Complaint and on that basis denies the allegations therein.

10. Defendant SCE admits the allegations in paragraph 10.

11. Defendant SCE admits that on or about April 6, 2007 following a shift briefing session for nuclear security officers, Defendant SCE employee Julian Leva spoke to Plaintiff about Plaintiff's conduct at the beginning of the session, but otherwise denies any remaining allegations in paragraph 11 of the Complaint.

12. Defendant SCE admits that on or about April 6, 2007 Plaintiff was directed to undergo a "fitness for duty" test which resulted in a negative reading and was thereafter placed on administrative leave, but otherwise denies the remaining allegations in paragraph 12 of the Plaintiff's Complaint.

13. Defendant SCE admits that on or about April 11, 2007, Plaintiff met with Paul Diaz to discuss among other things Plaintiff's conduct at the shift briefing on or about April 6, 2007 and that during said discussion, Plaintiff was directed to cease making profane gestures and profanity laced comments when greeting his 'colleagues' at work or be subject to further disciplinary action. Defendant is informed and believes that Plaintiff did not raise any concern of racial animosity at said meeting and otherwise denies the remaining allegations of paragraph 13 of the complaint.

14. Defendant SCE admits that on or about April 30, 2007 Plaintiff returned to work following a disciplinary suspension based on his conduct on April 6, 2007. Defendant SCE is informed and believes, and on that basis admits that Plaintiff entered the briefing session and uttered one or more profanities and made a profane gesture upon meeting his coworkers. Defendant SCE denies the remaining allegations of paragraph 14 on the grounds that it lacks sufficient knowledge and information to form a believe as the truth thereof.

15. Defendant SCE admits that Plaintiff was placed on administrative suspension pending further disciplinary action based on his workplace misconduct but otherwise denies the remaining allegations of paragraph 15 of the Complaint.

16. Defendant SCE admits the allegations of paragraph 16 of the Complaint.

## AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF

17. Defendant SCE incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

18. For itself alone Defendant SCE admits the allegations in paragraph 18 of the Complaint.

19. Defendant SCE denies each and every allegation in paragraph 19 of the Complaint.

20. Defendant SCE denies each and every allegation in paragraph 20 of the Complaint.

21. Defendant SCE denies each and every allegation in paragraph 21 of the Complaint

22. Defendant SCE is without sufficient information or belief to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies each and every allegation contained therein.

23. Defendant SCE denies each and every allegation in paragraph 24 of the Complaint.

24. Defendant SCE denies each and every allegation in paragraph 24 of the Complaint.

25. Defendant SCE denies each and every allegation in paragraph 25 of the Complaint.

## AS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF

26. Defendant SCE incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

27. For itself alone Defendant SCE admits the allegations in paragraph 27 of the Complaint.

28. For itself alone Defendant SCE admits the allegations in paragraph 28 of the Complaint.

29. Defendant SCE denies each and every allegation in paragraph 29 of the Complaint.

30. Defendant SCE denies each and every allegation in paragraph 30 of the Complaint.

31. Defendant SCE admits that Plaintiff has filed an administrative charge with the U.S. Equal Employment Opportunity Commission and received a "right to sue" letter permitting him to fil an action but denies that such charge was timely in all respects. Defendant otherwise denies any remaining allegations in paragraph 31 of the Complaint.

32. Defendant SCE denies having discriminated against and/or harassed Plaintiff on any basis and otherwise denies each and every allegation contained in paragraph 32 of the Complaint.

33. Defendant SCE denies each and every allegation in paragraph 33 of the Complaint.

34. Defendant SCE denies each and every allegation in paragraph 34 of the Complaint.

### AS TO PLAINTIFF'S THIRD CLAIM FOR RELIEF

35. Defendant SCE incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

36. For itself alone Defendant SCE admits the allegations in paragraph 36 of the Complaint.

37. For itself alone Defendant SCE admits the allegations in paragraph 37 of the Complaint.

38. Defendant SCE denies each and every allegation in paragraph 38 of the Complaint.

39. Defendant SCE denies each and every allegation in paragraph 39 of the Complaint.

40. Defendant SCE denies each and every allegation in paragraph 40 of the Complaint.

41. Defendant SCE denies each and every allegation in paragraph 41 of the Complaint.

42. Defendant SCE denies each and every allegation in paragraph 42 of the Complaint.

### AS TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF

43. Defendant SCE incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

44. Defendant SCE admits the allegations in paragraph 44 of the Complaint.

45. Defendant SCE admits the allegations in paragraph 45 of the Complaint.

46. Defendant SCE denies each and every allegation in paragraph 46 of the Complaint.

47. Defendant SCE denies each and every allegation in paragraph 47 of the Complaint.

48. Defendant SCE denies each and every allegation in paragraph 48 of the Complaint.

49. Defendant SCE denies each and every allegation in paragraph 49 of the Complaint.

50. Defendant SCE denies each and every allegation in paragraph 50 of the Complaint.

## AS TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF

51. Defendant SCE incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

52. For itself alone Defendant SCE admits the allegations in paragraph 52 of the Complaint.

53. For itself alone Defendant SCE admits the allegations in paragraph 53 of the Complaint.

54. Defendant SCE denies each and every allegation in paragraph 54 of the Complaint.

55. Defendant SCE denies each and every allegation in paragraph 55 of the Complaint.

56. Defendant SCE denies each and every allegation in paragraph 56 of the Complaint.

57. Defendant SCE denies each and every allegation in paragraph 57 of the Complaint.

## AS TO PLAINTIFF'S SIXTH CLAIM FOR RELIEF

58. Defendant SCE incorporates by reference its admissions and denials as to each and every proceeding paragraph of the Complaint.

59. For itself alone Defendant SCE admits each and every allegation in paragraph 59 of the Complaint.

60. For itself alone Defendant SCE admits each and every allegation in paragraph 60 of the Complaint.

61. Defendant SCE denies each and every allegation in paragraph 61 of the Complaint.

62. Defendant SCE denies each and every allegation in paragraph 62 of the Complaint.

63. Defendant SCE denies each and every allegation in paragraph 63 of the Complaint.

64. Defendant SCE denies each and every allegation in paragraph 64 of the Complaint.

65. Defendant SCE denies each and every allegation in paragraph 65 of the Complaint.

///

///

///

///

ANSWER TO COMPLAINT BY DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY

As and for separate and distinct affirmative defenses Defendant SCE alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Defendant SCE alleges that Plaintiff's Complaint fails to state facts sufficient to establish one or more of the claims for relief alleged.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant SCE alleges that one or more of the purported causes of action and/or purported prayers for damage alleged in Plaintiff's COMPLAINT is barred by the exclusive remedy provisions of California Labor Code § 3600 et seq.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant SCE alleges that to the extent any purported Claim for relief or prayer for damages in the COMPLAINT rests on an allegation that Defendant SCE took any specific tangible adverse employment action (e.g. disciplinary action) with respect to RAYFORD, Defendant SCE had legitimate, privileged and/or non-discriminatory reasons for any such action taken and that such actions were without any unlawful retaliatory or discriminatory intent or intent to harass.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant SCE alleges that to the extent any purported claim for relief or for damages in the COMPLAINT rests on alleged conduct by SCE occurring earlier than 300 days before Plaintiff's filing of any administrative charge with the U.S. Equal Employment Opportunity Commission and or more than two years prior to the date PLAINTIFF filed the COMPLAINT, any such cause of action and or claim for damages is barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant contends that Plaintiff RAYFORD on one or more occasions otherwise failed to meet reasonable expectations concerning her and or his work performance and/or workplace conduct as set forth in SCE policies and standards and or Cal. Labor Code §§ 2854, 2856, 2857, 2858, 2859, and/or 2861.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant SCE has taken all reasonable steps to prevent unlawful harassment, retaliation and discrimination with respect to the work environment of its employees generally, including PLAINTIFF, and more specifically, as to PLAINTIFF RAYFORD, during the term of his employment with Defendant SCE, denies engaging in any unlawful or actionable discriminatory, retaliatory or harassing conduct, whether on the basis of Plaintiff's race, ethnicity, disability and or record thereof, or any other basis.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant SCE alleges that one or more of the purported claims for relief in the COMPLAINT are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant SCE alleges that Plaintiff RAYFORD failed to exhaust available administrative remedies with respect to one or more of the purported claims for relief and or allegations in the COMPLAINT.

### NINTH AFFIRMATIVE DEFENSE

9. Defendant SCE alleges that Plaintiff RAYFORD, is/are estopped by his conduct from bringing some or all of the purported causes of action in the COMPLAINT.

///
///

## TENTH AFFIRMATIVE DEFENSE

10. Defendant SCE alleges that Plaintiff RAYFORD failed to reasonably mitigate any alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff RAYFORD failed to use or fully utilize all available company procedures for the remediation of any alleged discrimination, retaliation, harassment and/or other allegedly unlawful conduct set forth in one or more of the purported causes of action in the COMPLAINT.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff RAYFORD has failed to state facts sufficient to support any award of punitive or exemplary damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. An award of punitive damages would be an unconstitutional denial of answering Defendant SCE's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant SCE has fully performed all obligations and/or promises, if any, required to be performed on its part except to the extent that Defendant SCE's performance of such obligations and or promises, if any, have been prevented, excused, or waived by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant SCE alleges that persons other than Defendant SCE, or its authorized agents acting within the course and scope of their employment, may have been negligent or at fault in connection with the acts alleged to have resulted in any alleged damage to PLAINTIFF, and by reason thereof, PLAINTIFF right to recovery from Defendant SCE, if any, should be

reduced by that degree to which the fault and or negligence of persons and entities other than Defendant SCE contributed to any damages.

Defendant further alleges that it lacks sufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses as to any purported cause of action in the COMPLAINT, including but not limited to the doctrine of after acquired evidence, and therefore reserves the right to assert additional defenses in the event discovery indicates they may become appropriate.

## ANSWER TO PLAINTIFF'S PRAYER

Defendant SCE denies Plaintiff has suffered any actionable injury or damages and denies Plaintiff is entitled to any relief requested of the Court.

**WHEREFORE**, Defendant SCE request for relief as follows:

1. That judgment be entered on behalf of Defendant SCE.
2. That Plaintiff takes nothing by way of his complaint herein;
3. That Defendant SCE be awarded reasonable costs of suit and attorney's fees, and
4. That Defendant SCE be afforded any further relief the court deems just and proper.

DATED: April 9, 2008

JOHN F. GUEST
WILLIAM DAVIS HARN

By: *[signature]*
William Davis Harn
Attorney for Defendants
EDISON INTERNATIONAL AND
SOUTHERN CALIFORNIA EDISON
COMPANY

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 2244 Walnut Grove Avenue, Rosemead, California 91770.

On April 9, 2008, I served the documents listed below on the parties in this action as follows:

DOCUMENT(S) SERVED:   ANSWER TO COMPLAINT BY DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY

SERVED UPON:   Alan Hahn, Esq.
Grady & Associates
3517 Camino Del Rio South, Suite 400
San Diego, CA 92108
Tel: (619) 528-2530
Fax: (619) 528-1580

☑ (BY MAIL) I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Rosemead, California, following the ordinary business practices of my place of business. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service. Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

☐ (BY HAND DELIVERY) I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered on the same date.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Southern California Edison Company for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY FACSIMILE) I caused to be transmitted the document(s) described herein via the FAX number(s) listed on the attached service list.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on April 9, 2008, at Rosemead, California.

_____
Cheryl Roth

#1487876

DEFENDANT SCE'S ANSWER TO COMPLAINT